## In the Matter of GLAUBINGER MACHINERY CO., INC., Debtor.

### Bankruptcy No. 84–02971.

United States Bankruptcy Court, D. New Jersey.

Jan. 23, 1986.

Ravin, Greenberg & Zackin, P.A. by Gary N. Marks, Roseland, N.J., for debtor.

Tai Cho, New York City, for Daewoo Intern.

## OPINION

DeVITO, Bankruptcy Judge.

The above captioned debtor moves to reclassify a secured claim filed by Daewoo International (America) Corporation ("Daewoo") to the status of a general unsecured claim. For the reasons set forth below, this Court grants the within motion.

The facts of the case are relatively straightforward. Daewoo possessed a perfected security interest in certain milling machines held by the debtor on consignment. One machine, identified as Number

180014, was sold to the Southern California Edison Company in or about January of 1983. The debtor was obligated to remit net proceeds of $29,000 to Daewoo. Upon receipt by the debtor of the total payment ($29,000) from Southern California Edison, the debtor actually transmitted $7,500 of the proceeds to Daewoo. The remaining $21,500 due to Daewoo was deposited in the debtor's general operating account. The debtor filed its petition for reorganization under the Bankruptcy Code on June 1, 1984. Daewoo filed a proof of claim in the sum of $21,500, said sum being the balance of the final payment due on the purchase of the machine noted above, and presently held by the debtor.

It is important to note here that the above recitation of facts is based upon the statements contained in the brief filed by debtor's counsel in support of debtor's motion, at 1–2. *In re Glaubinger Machinery Co., Inc.,* (Bankr.D.N.J. Oct. 2, 1985). Daewoo admits that the debtor's version of the facts is correct, subject only to two exceptions. Daewoo takes exception to the statements that the debtor deposited the funds in question in its general operating account and debtor's stated allegation that Daewoo does not have a secured interest in the proceeds. Affidavit in Opposition by K.J. Chea at 1–2, *In re Glaubinger Machinery Co., Inc.,* (Bankr.D.N.J. Nov. 27, 1985). However, the affidavit fails to explain why Daewoo takes the exceptions as noted above, nor does it offer its own version of the disputed statements.

The debtor relies upon the Uniform Commercial Code, as adopted in this jurisdiction; specifically, that Daewoo lost its secured claim when the monies resulting from the sale of the milling machine were commingled with other funds of the debtor, the effect of which reduced Daewoo's claim to that of a general unsecured claim; thus the instant motion to reclassify the claim filed. Daewoo essentially argues that the debtor's motion is misdirected and that the Uniform Commercial Code is still supportive of Daewoo's secured position.

The instant matter concerns the administration of the debtor's estate and is unquestionably a core proceeding. 28 U.S.C. § 157[b][2][A]. This Court is thus empowered to hear and determine the issues at hand. 28 U.S.C. § 157[b][1]. The issue here is one requiring an interpretation of state law. Following the longstanding doctrine of *Erie R.R. Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), this Court shall apply the law controlling in the forum state of New Jersey.

The specific state statutory provision in question is § 9–306[4] of the Uniform Commercial Code, codified in chapter 12A of the New Jersey Statutes Annotated, which provides:

> ▋ In the event of insolvency proceedings instituted by or against a Debtor, a secured party with a perfected security interest in proceeds has a perfected security interest only in the following proceeds:
>
> .    .    .    .    .
>
> [b] In identifiable cash proceeds in the form of money which is neither commingled with other money nor deposited in a deposit account prior to the insolvency proceedings;
>
> [c] In identifiable cash proceeds in the form of checks and the like which are not deposited in a deposit account prior to the insolvency proceedings; and
>
> [d] In all cash and deposit accounts of the Debtor in which proceeds have been commingled with other funds, but the perfected security interest under this paragraph [d] is:
>
> > [i] Subject to any right of set-off; and
> >
> > [ii] Limited to an amount not greater than the amount of any cash proceeds received by the Debtor within ten days before the institution of the insolvency
> >
> > . . .

N.J.Stat.Ann. 12A:9–306[4] (West Pocket Part 1985) (subsection [a] omitted as it addresses only *non* -cash proceeds and is, therefore, irrelevant herein). The impact of this statute is clear. Even for a holder of a perfected security interest in proceeds, the intervention of a bankruptcy filing acts

to limit the secured interest *only* to proceeds which meet the conditions as enumerated above. *Id.* If it can be demonstrated that the proceeds in question do not meet the conditions set forth above, the secured status of the creditor is lost and, *ergo*, the claim is a general unsecured one.

Assuming *arguendo* that Daewoo held a perfected security interest in the proceeds, the instant matter meets the requirements of subparagraph [4] and is within the ambit of § 9–306[4]. Proceeding with a step-by-step analysis, both subsections [b] and [c] are of no help to Daewoo, since the proceeds received by the debtor were deposited in a deposit account prior to the bankruptcy. The Court takes note of the general rule that "proceeds will have been rendered unidentifiable by having been commingled with other funds in a single bank account." *Morrison Steel Co. v. Gurtman,* 113 N.J.Super. 474, 481, 274 A.2d 306 (App.Div.1974). Returning to the facts presented here, the Court is reminded of the debtor's assertion that it did indeed commingle these proceeds with other funds in its general operating account. While it is true Daewoo took exception to that statement, the Court does not find the opposition to be credible. Daewoo's exception is bereft of any explanation of why Daewoo objects to the allegation. Moreover, Daewoo failed to offer any evidence sufficient to demonstrate what the debtor did with the proceeds, if it indeed did not deposit them in its general fund as claimed. The Court shall accept the debtor's factual allegations on that point as true, and thus, by necessity, determines that Daewoo has no secured interest in proceeds that have been deposited and commingled with other monies, pursuant to the rule of § 9–306[4][b] and [c].

Turning to the final subsection, subsection [d], the Court finds that this portion of the statute does not terminate the secured interest where proceeds have been commingled. However, it is strictly limited to instances where the cash proceeds were received by the debtor within the ten days preceding the bankruptcy. § 9–306[4][d][ii]. It is undisputed that the proceeds were received by the debtor on July 12, 1983, almost a year before the petition in bankruptcy was filed. This being the case, Daewoo loses its secured claim to the proceeds under this subsection as well.

In conclusion, based upon the credible evidence proffered and the law of the Uniform Commercial Code as adopted in New Jersey, Daewoo does not hold a secured claim in the cash proceeds ($21,500) held by the debtor. The claim is properly classified as a general unsecured claim. The Court grants the debtor's motion to reclassify it as such.

Submit an order in accordance with the above.